# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:11-CV-139-RLV-DCK

| | |
|---|---|
| **MARX INDUSTRIES, INC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**CHESTNUT RIDGE FOAM, INC.,** )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Limited Discovery In Order To Respond To Defendant's Motion To Dismiss For Lack Of Jurisdiction" (Document No. 8). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion, with modification.

## BACKGROUND

Plaintiff Marx Industries, Inc. ("Plaintiff") filed its "Complaint" in this action on August 31, 2011, in the Superior Court of Caldwell County, North Carolina. (Document No. 1-1). Defendant Chestnut Ridge Foam, Inc. ("Defendant") filed its "...Notice Of Removal" on September 30, 2011, thus removing the lawsuit to this Court. (Document No. 1). On October 7, 2011, "Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(2) And 12 (b)(6)" (Document No. 3) was filed. A response and reply to the "...Motion To Dismiss..." have been timely filed, and that motion is ripe for disposition; however, along with its response Plaintiff also filed the instant "Motion For Limited Discovery... (Document No. 8). The "Motion For Limited Discovery..." has been fully briefed and is now ripe for disposition.

## DISCUSSION

Plaintiff asserts that its response to the motion to dismiss "establishes sufficient factual and legal basis that this Court has jurisdiction over Defendant Chestnut," but Plaintiff also now seeks the opportunity to conduct limited discovery to further evaluate Defendant's contacts with North Carolina. (Document No. 8). Defendant opposes Plaintiff's request for discovery and describes the request as a "fishing expedition." (Document No. 10). In its reply to the instant motion, Plaintiff acknowledges that its original request for discovery (Document No. 8-1) was "likely too much" and suggests that the deposition of one (1) appropriately informed corporate designee prepared to discuss jurisdictional facts and materials may be adequate. (Document No. 11).

The undersigned finds that some limited discovery on jurisdiction might assist the Court's consideration of the pending "...Motion To Dismiss..." (Document No. 3); as such, the Court will allow Plaintiff's motion, with modification. Specifically, Defendant shall designate one or more persons who are adequately prepared to respond to Plaintiff's discovery requests, as narrowed in Document No. 11-1, during a deposition not to exceed five (5) hours, unless otherwise agreed by the parties. All the information requested by Plaintiff shall be further narrowed to the time period of January 1, 2007 through the present.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Limited Discovery In Order To Respond To Defendant's Motion To Dismiss For Lack Of Jurisdiction" (Document No. 8) is **GRANTED**, with modification as described herein.

**IT IS FURTHER ORDERED** that Defendant shall make its appropriate representative(s) available for a deposition at a time agreeable to both parties, on or before **January 20, 2012**, and at a location to be determined by Defendant.

**IT IS FURTHER ORDERED** that Plaintiff may file a supplement to its response to "Defendant's Motion To Dismiss..." (Document No. 3) on or before **January 31, 2012**, and Defendant may file a reply to any such supplement within **ten (10) days** of its filing.

**SO ORDERED**.

Signed: December 8, 2011

David C. Keesler
United States Magistrate Judge