**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:11-CV-139-RLV-DCK**

| | | |
|---|---|---|
| **MARX INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **CHESTNUT RIDGE FOAM, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Compel Production And To The Extent Necessary Clarify Order Granting Jurisdictional Discovery" (Document No. 17). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

On December 8, 2011, the Court granted Plaintiff's "Motion For Limited Discovery In Order To Respond To Defendant's Motion To Dismiss For Lack Of Jurisdiction" (Document No. 8), with modification. (Document No. 12). Specifically, the undersigned observed that Plaintiff had "suggest[ed] that the deposition of one (1) appropriately informed corporate designee prepared to discuss jurisdictional facts and materials may be adequate." <u>Id.</u> (citing (Document No. 11)). Thus the Court allowed Plaintiff to conduct a five (5) hour deposition of one or more appropriate representatives of Defendant, on the topics identified by Plaintiff in Document No. 11-1, and narrowed to the time period from January 1, 2007 through the present. <u>Id.</u>

The undersigned finds the previous Order to be sufficiently clear. It does not require Defendant to provide any written responses or documents; rather, it requires Defendant to provide "one or more persons who are adequately prepared to respond to Plaintiff's discovery requests, as

narrowed in Document No. 11-1." Id.  Of course, Defendant is welcome to provide written responses and documents to the extent it expedites this limited discovery and reduces the inconvenience to all concerned, but the Court has not required such production.  Moreover, the previous Order deliberately allowed Defendant to determine the location of the proposed deposition. Id.  The Court will respectfully decline to reverse itself and order the deposition to be held in Hickory, North Carolina as Plaintiff now requests.  (Document No. 17).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel Production And To The Extent Necessary Clarify Order Granting Jurisdictional Discovery" (Document No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall make its appropriate representative(s) available for a deposition at a time agreeable to both parties, on or before **January 20, 2012**, and at a location to be determined by Defendant.  Defendant's representative(s) shall be fully prepared to address and respond to the information requested by Plaintiff in Document No. 11-1, relevant to the time period of January 1, 2007 through the present.

**IT IS FURTHER ORDERED** that Plaintiff may file a supplement to its response to "Defendant's Motion To Dismiss..." (Document No. 3) on or before **January 31, 2012**, and Defendant may file a reply to any such supplement within **ten (10) days** of its filing.

**SO ORDERED**.

Signed: January 3, 2012

David C. Keesler
United States Magistrate Judge