IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:11-CV-139-RLV-DCK

| | |
|---|---|
| MARX INDUSTRIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHESTNUT RIDGE FOAM, INC., )<br>)<br>Defendant, )<br>)<br>v. )<br>)<br>MTJ AMERICAN, LLC, )<br>)<br>Third-Party Defendant. ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel Discovery Responses" (Document No. 43), and the "Third Party Defendant's Motion To Amend The Pleadings" (Document No. 44). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and, applicable authority, the undersigned will <u>grant</u> the motion to compel and <u>deny</u> the motion to amend.

## BACKGROUND

Marx Industries, Inc. ("Plaintiff" or "Marx") initiated this action on August 31, 2011, with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Caldwell County, North Carolina. Chestnut Ridge Foam, Inc. ("Defendant" or "CRF") timely removed the action to this Court on September 30, 2011. (Document No. 1). "Defendant's Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(2) And 12(b)(6)" (Document No. 3) was filed on October 7,

2011. Following the completion of some early discovery, the Honorable Richard L. Voorhees issued a "Memorandum and Order" (Document No. 21) denying "Defendant's Motion To Dismiss..." on October 12, 2012.

"Defendant's Answer Affirmative Defenses And Counterclaims To Complaint" (Document No. 22) were filed on October 26, 2012. Defendant's Counterclaims included claims against Third Party Defendant MTJ American, LLC ("MTJ" or collectively with Marx, "Plaintiffs"). (Document No. 26, pp.13-31). Third Party Defendant MTJ is an affiliate of Marx, and the two entities share common ownership, office space and management. (Document No. 22, p.15). "Third Party Defendant's Motion To Dismiss, Answer To Counterclaims And Affirmative Defenses" (Document No. 29) was filed on January 15, 2013.

The Court issued a "Pretrial Order And Case Management Plan" (Document No. 31) on February 20, 2013. In pertinent part the "Pretrial Order..." provided that:

> All discovery shall be complete no later than **September 15, 2013**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time.

(Document No. 31, pp.2-3). The "Pretrial Order..." also set October 15, 2013 as the deadline for dispositive motions and mediation, and stated that a trial will be scheduled for the "Statesville Trial Term beginning March 2014." (Document No. 31, pp.3-4).

On June 3, 2013, the day Plaintiff's expert witness report was due, Plaintiff filed a motion seeking an additional sixty (60) days to file its expert report. Noting Defendant's consent, the undersigned granted that motion with modification, allowing an additional thirty

2

(30) days. (Document No. 34). The undersigned also advised the parties that "further adjustment of the case deadlines is unlikely, barring extraordinary circumstances." Id.

Plaintiff's "...Motion For Extension To Complete Discovery" (Document No. 35) was filed on Friday, September 13, 2013, two (2) days prior to the September 15, 2013 discovery deadline. Plaintiff's motion failed to allege or describe any "extraordinary circumstances" supporting an extension of the discovery deadline. See (Document Nos. 34 and 35). According to Plaintiff's motion, Plaintiff waited until August 15, 2013 to serve "Document Production Requests to Defendant Chestnut Ridge," and Defendant "served discovery requests on Plaintiffs dated August 16, 2013." (Document No. 35, p.2). As such, both parties waited until nearly the latest date possible to serve discovery requests that could be completed by the September 15, 2013 discovery deadline.

On September 20, 2013, the undersigned issued an "Order" (Document No. 39) granting in part and denying in part "Plaintiff And Third Party Defendant's Motion For Extension To Complete Discovery" (Document No. 35) -- the request to conduct depositions beyond the September 15, 2013 discovery deadline was denied; but the request to compel materials "properly sought sufficiently in advance of the discovery deadline" was allowed. (Document No. 39, p.7). In addition, **the undersigned specifically ordered "that to the extent either party has not provided full and complete responses to discovery requests served on or about August 15-16, 2013, such responses shall be completed and/or supplemented on or before September 25, 2013."** Id. (emphasis added). The undersigned also extended the dispositive motion deadline to October 22, 2013. (Document No. 39, p.8).

"Defendant's Motion To Compel Discovery Responses" (Document No. 43) was filed on October 7, 2013, and "Third Party Defendant's Motion To Amend The Pleadings" (Document

3

No. 44) was filed on October 15, 2013. Both these motions have been fully briefed and are now ripe for disposition. In addition, the parties' cross motions for summary judgment were timely filed on October 22, 2013, and are also now ripe for disposition. (Document Nos. 48, 50, 52 and 54).

## STANDARD OF REVIEW

**Motion To Compel**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

4

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A). Likewise, if a motion is denied, the Court may award reasonable expenses, including attorney's fees, to the party opposing the motion. Fed.R.Civ.P. 37(a)(5)(B).

**Motion To Amend**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

### A. Motion To Compel

Defendant CRF contends that it served its "...First Set Of Requests For Admission, Interrogatories And Requests For Production Of Documents" (Document No. 43-1) on Plaintiffs on August 16, 2013. (Document No. 43, p.1). By the pending "Defendant's Motion To Compel Discovery Responses" (Document No. 43), CRF asserts that "Plaintiff And Third Party Defendant's Responses..." (Document No. 43-3), served on September 16, 2013, "suffer from a serious number of deficiencies." (Document No. 43, pp.1-2).

The undersigned notes that the Court explicitly allowed Marx and MTJ "to seek to compel materials not provided by Defendant, that were properly sought sufficiently in advance of the discovery deadline," and ordered all parties to provide "full and complete responses to discovery requests served on or about August 15-16, 2013, . . . on or before **September 25, 2013**." (Document No. 39, p.7). Notably, neither Marx nor MTJ have since filed a motion to compel, or otherwise indicated that Defendant's discovery responses were deficient.

Because the undersigned specifically ordered the parties to complete and/or supplement discovery requests served on or about August 15-16, by September 25, 2013, the undersigned does not find "Defendant's Motion To Compel Discovery Responses" filed on October 7, 2013, to be untimely. Moreover, although Defendant may indeed suffer prejudice by receiving appropriate responses well after the discovery and motions deadlines have passed, the undersigned finds that Defendant is entitled to responses to its timely requests as soon as possible.

Defendant CRF categorizes Plaintiffs' deficient responses into eight (8) groups or headings, which the undersigned will adopt below. The undersigned has carefully considered the

parties' arguments regarding the requested information and will direct Plaintiffs to respond as follows. The Court observes that "Plaintiffs' Response To Defendant's Motion To Compel" (Document No. 56) asserts several general theories, such as: the motion and or underlying requests are untimely; vague and/or overly broad; the motion lacks a brief; and MTJ is entitled to protect confidential information.[1] These arguments are not persuasive. Id.

Unfortunately, Plaintiffs' response provides little, if any, argument or discussion addressing the very specific deficiencies raised by Defendant. (Document No. 56). The undersigned has, nevertheless, taken into consideration Plaintiff's "…Responses To Defendant's First Set Of Requests…" (Document No. 43-3), as well as an October 1, 2013 letter (Document No. 43-5, pp.3-6; Document No. 56-2) from Plaintiffs' counsel to Defendant's counsel.

1. **The "Confidential Agreement": Requests for Admission 2-6; Interrogatories 15, 16; Requests for Production 2, 3.**

Defendant asserts that Marx and MTJ "have utterly refused to produce any meaningful information or documentation" related to the "Confidential Agreement" referenced in ¶¶ 24, 25, 31 and 38 of the "Complaint" (Document No. 1-1). Apparently, the Complaint seeks declaratory relief from the Court related to the "Confidential Agreement," but to date Plaintiffs have refused to provide a copy of this document to Defendant. See (Document No. 1-1, ¶ 38). Defendant presents a compelling argument that the "Confidential Agreement" plays a central role in the Complaint, but Plaintiffs' refusal to provide that document limits Defendant's ability to defend this lawsuit, as well as the Court's ability to express a judgment regarding the performance of that agreement. (Document No. 43, pp.2-3).

---

[1] It does not appear that Plaintiffs ever filed a motion for a protective order, a proposed protective order, or otherwise sought assistance from the Court in protecting allegedly confidential information. See (Document No. 31, p.2).

To the extent Plaintiffs contend they must protect "confidential information," they have inadequately explained why they have not sought an appropriate protective order from the Court. However, Defendant has also failed to explain why it has apparently refused to enter into a jointly agreed upon protective order, such as the one attached to its motion. See (Document No. 43-5, pp.7-16).

Based on Defendant's arguments, including citation to Fed.R.Civ.P. 26 (a)(1)(A)(ii), the undersigned is persuaded that Plaintiffs should more fully respond to these discovery requests. Therefore, the undersigned directs the parties, to submit a Consent Protective Order, on or before **February 3, 2014**. Plaintiffs shall then respond to Interrogatory No. 15 and Request for Production No. 2.

2. **Sales of Infringing Mattresses: Request for Admission No. 10; Interrogatories 22-24; Requests for Production 12, 13, 18, 22.**

   Plaintiffs shall provide full responses to these discovery requests.

3. **Officers and Shareholders of Marx or MTJ since January 1, 2010: Interrogatory No. 2.**

   Plaintiffs shall fully respond to this discovery request. Plaintiffs are respectfully reminded that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). The Court in its discretion finds that the discovery compelled here, and throughout this order, is reasonably calculated to lead to the discovery of admissible evidence.

4. **Dealings with IFP: Interrogatories 3-7, 9-11.**

The undersigned finds good cause to require Plaintiffs to provide full responses to these discovery requests. Plaintiffs may respond to these requests, and other requests allowed herein, pursuant to the terms of an appropriate, agreed upon, protective order.

5. **Prospective Business: Interrogatory 17.**

The undersigned is not persuaded that Plaintiffs' response is inadequate. However, Plaintiffs shall supplement their response as appropriate.

6. **Contracts with Harvey Roth: Interrogatory 18; Request for Production 4.**

Plaintiffs shall provide more detailed information, including the date of, and the parties to, the "contracts between Marx and Harvey Roth" referred to in ¶ 41 of the Complaint. Plaintiffs may provide redacted versions of the contracts in question.

7. **Marketing/Advertising Materials: Requests for Production 9, 11.**

Although Plaintiffs' response indicates that "responsive documents are provided" to these requests, Defendant asserts that responsive materials were not provided. Plaintiffs shall provide Defendant with copies of all materials/documents responsive to these requests.

8. **Damages: Interrogatory 20.**

Plaintiffs have indicated that they will supplement their response to this request. The Court directs Plaintiffs to provide a full and complete response, based on the information available to date.

Based on the foregoing, Plaintiffs Marx and/or MTJ will be required to complete and/or supplement their discovery responses as directed above. At this time, the Court will decline to award costs or fees to Defendant pursuant to Fed.R.Civ.P. 37(a)(5)(A); however, Defendant may seek such reimbursement at a later date, particularly if Plaintiffs fail to provide appropriate responses in a timely manner.

## B. Motion To Amend

"Third Party Defendant's Motion To Amend The Pleadings" (Document No. 44) was filed nine (9) months after its "...Motion To Dismiss, Answer To Counterclaims And Affirmative Defenses" (Document No. 29), and more than two (2) years after Marx filed the "Complaint" (Document No. 1-1) initiating this action. MTJ's "...Motion To Amend The Pleadings" was also filed one (1) month after the discovery deadline, and just seven (7) days prior to the deadline for dispositive motions. This matter is currently scheduled for trial beginning on or about March 3, 2014. (Document No. 31).

MTJ contends that its Answer needs to be supplemented and amended

> to add facts and claims for relief which were not known and other facts which were neither clearly known at the time of filing the Answer and not understood at the time of filing the Answer, or which acts and omissions occurred after the filing of the Complaint and Third Party claims. . . . The additional claims . . . relate primarily to CR's acts and omissions arising after October 1, 2012 including and through January 18, 2013.

(Document No. 44, p.3). MTJ seeks to amend its Answer to add counterclaims of: (1) Bad Faith Violations of Section 43(a) of the Lanham Act; and (2) Defamation and Unfair Trade Practices. (Document No. 44-1, pp.6-9). MTJ asserts that new facts were discovered in September 2013. (Document No. 44, pp.2-3). MTJ concludes that "[j]ustice requires" that it be granted leave to supplement and amend its Answer with Counterclaims. (Document No. 44, p.3).

According to MTJ, the proposed addition of counterclaims will not prejudice CRF, are not futile, and are made in good faith. (Document No. 45, pp.2-3). MTJ acknowledges, however, that it is "not able to determine whether some limited discovery may be necessary." (Document No. 45, p.3).

In response, Defendant CRF first argues that the pending motion to amend is untimely and brought in bad faith. (Document No. 57, pp.4-6). In pertinent part CRF argues as follows:

10

> "[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule." Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987). Following the Court's entry of the Pretrial Order and Case Management Plan in this case on February 20, 2013, Marx and MTJ took absolutely no action to pursue written discovery for nearly six months, before finally serving a single set of document requests (with no accompanying interrogatories or requests for admission) upon Chestnut Ridge with barely a month remaining before the close of discovery. After receiving Chestnut Ridge's timely responses to those requests, MTJ waited another entire month before suddenly attempting to launch a litany of new counterclaims based on MTJ's purported discovery of so-called "facts" that were previously "unbeknownst to Plaintiff." (ECF No. 45 at p.2.)
>
> In point of fact, however, the vast majority of the information upon which MTJ purports to base its proposed amendments comes directly from the patent history that is readily *available to the public* from the United States Patent and Trademark Office ("USPTO"). See http://portal.uspto.gov/pair/PublicPair. Even if MTJ had not known of Chestnut Ridge's '169 Patent prior to the filing of Chestnut Ridge's counterclaims in this lawsuit in October of 2012 (a proposition that Chestnut Ridge denies and, frankly, finds to be downright incredible), MTJ has now known of that patent for more than a year.

(Document No. 57, p.5).

In addition, CRF argues that the proposed counterclaims are futile. (Document No. 57, pp.7-8). CRF asserts that "[s]tripped to their essence," the proposed counterclaims are predicated on the supposed "fact" that Chestnut Ridge "knows" its patent is invalid and unenforceable. (Document No. 57, p.7) (citing Document No. 44-1, ¶¶ 72, 85-86). According to CRF, MTJ cannot prevail on such claims because federal patent law is clear that a patent issued by the USPTO is presumed valid and enforceable, and, that MTJ's proposed amendments do not allege a single fact to support an assertion that CRJ has "knowledge of invalidity." (Document No. 57, p.8).

11

Under the circumstances, the undersigned is persuaded that MTJ's motion to amend is untimely and that allowing the proposed amendment would unduly prejudice Defendant CRF. With respect to prejudice, the Fourth Circuit Court of Appeals has explained that

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred .... Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend.

Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (internal citation omitted) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)); see also, Wooten v. Infinity Partners, LLC, 3:09-CV-507-RLV-DCK, 2010 WL 1462878 at *2-3 (W.D.N.C. Apr. 12, 2010) (motion to amend filed at early stage of litigation, before discovery has begun, and well before trial, allowed).

Here, the discovery and motions deadlines have long since passed. As noted above, there are four (4) motions for summary judgment pending that are ripe for disposition, and may be ruled on at any time by Judge Voorhees. If the undersigned allowed the motion to amend, it would likely lead to requests for additional discovery and/or further motions practice, all within just a few weeks of the current trial date. As such, Defendant's ability to investigate and respond to the proposed counterclaims, as well as the consistent and efficient management of this case and judicial economy, would be severely hampered by allowing the proposed amendments.

To the extent MTJ asserts that the proposed amendments are based on information it first became aware of in September 2013, such circumstances are regrettable; however, the undersigned is convinced that this situation largely arose from Marx and MTJ's delays in seeking

discovery. Since the proposed amendments are determined to be prejudicial, the undersigned will decline to address whether they were brought in bad faith or are futile.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the parties shall submit a Consent Protective Order, on or before **February 3, 2014**. The Court expects the parties to be able to reach a prompt agreement on a Protective Order without further Court intervention.

**IT IS FURTHER ORDERED** "Defendant's Motion To Compel Discovery Responses" (Document No. 43) is **GRANTED**. Marx / MTJ shall provide responses to the requested discovery, as directed herein, no later than **February 7, 2014**.

**IT IS FURTHER ORDERED** that the "Third Party Defendant's Motion To Amend The Pleadings" (Document No. 44) is **DENIED**.

**SO ORDERED.**

Signed: January 27, 2014

David C. Keesler
United States Magistrate Judge