# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:11-CV-139-RLV-DCK

| | |
|---|---|
| MARX INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | PROTECTIVE ORDER |
| ) | |
| CHESTNUT RIDGE FOAM, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| MTJ AMERICAN, LLC, ) | |
| ) | |
| Third-Party Defendant. ) | |

This Protective Order is entered by the Court pursuant to the Court's "Order" (Document No. 73), and following consideration of "Defendant/Counterclaim-Plaintiff Chestnut Ridge Foam's Motion For Entry Of Protective Order" (Document No. 74), and "Plaintiff And Third Party Defendant's Motion For Protective Order" (Document No. 76). This Protective Order governs the disclosure of information by Marx Industries, Inc. ("Marx"), MTJ American, LLC ("MTJ") (collectively, "Marx/MTJ" or "Plaintiffs"), and Chestnut Ridge Foam, Inc. ("Chestnut Ridge") (each individually, a "Party"; collectively, the "Parties") related to this lawsuit.

WHEREAS, the Parties are currently involved in litigation pending before the United States District Court for the Western District of North Carolina, Statesville Division, Civil Action No. 5:11-cv-139-RLV-DCK (the "Litigation");

WHEREAS, the Parties and certain Non-Party witnesses may from time to time be required to produce documents or provide testimony in the Litigation;

WHEREAS, some of these documents or testimony may contain confidential information within the scope of this Protective Order; and

WHEREAS, Marx, MTJ, Chestnut Ridge and/or one or more Non-Party witnesses may desire to preserve the confidentiality of any such material and/or information, but at the same time, be required to make such information available for use in the Litigation.

**IT IS, THEREFORE, ORDERED**:

**I. MATERIALS COVERED**

1. This Protective Order shall govern any record of information designated pursuant to this Protective Order and produced in this action, including confidential and proprietary information and documents produced or disclosed by any Party or Non-Party that produces or discloses such information and documents, whether pursuant to a subpoena served in the Litigation or any other court order or process.

The information and documents described in this paragraph, including any copies, notes, abstracts or summaries of such information, shall hereinafter be referred to as "Litigation Materials."

2. "Confidential" or "Highly Confidential" information shall mean and refer to Litigation Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by a Producing Party in the manner set forth in ¶ 5 below. As used in ¶ 1 and elsewhere, the term "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure. The term "Producing Party" shall mean any Party and/or Non-Party who either produces or testifies as to confidential and/or proprietary information or who asserts a confidentiality interest in information produced or testimony given by another in this action.

3. Litigation Materials which may be designated "CONFIDENTIAL" shall be limited to those that, in the good faith belief of a Producing Party, contain or refer to confidential proprietary information (including nonpublic proprietary financial, technical and/or business information) of the Producing Party or its affiliates. To the extent that material is marked CONFIDENTIAL, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 7 below, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL and the same terms regarding confidentiality of these materials shall apply as apply to the originals. The Parties shall use reasonable care to avoid designating any documents or information CONFIDENTIAL that are generally available to the public.

4. Litigation Materials which may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to those that, in the good faith belief of the Producing Party, contain or refer to highly confidential trade secrets, customer communications, and competitively sensitive commercial and/or financial information. To the extent that material is marked HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 8 below, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and the same terms regarding

confidentiality of these materials shall apply as apply to the originals. The Parties shall use reasonable care to avoid designating any documents or information HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY for which the designating Party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph.

**II. METHOD OF DESIGNATION**

5. A Producing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" any Litigation Materials in the following manner:

(a) any Producing Party shall mark any documents or items it believes, in good faith, may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order with appropriate confidentiality markings at the time of production. Initial failure, by inadvertence or otherwise, to mark a particular item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not preclude a subsequent designation and marking of such item by the Producing Party.

(b) any testimony taken in this action, including any document introduced in connection with such testimony, may be designated "CONFIDENTIAL" by any one of the following means: (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; or (ii) by sending written notice to all Parties and any relevant Non-Party designating information as "Confidential" within ten (10) business days after the transcript of the testimony is delivered to the Party or Non-Party designating the testimony or document as confidential.

(c) any Party or Non-Party may designate a document produced by a Non-Party pursuant to subpoena, order of court, or otherwise as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by sending written notice to all Parties so designating such document within ten (10) business days after the document is delivered to the Party requesting the document.

**III. TREATMENT OF "CONFIDENTIAL" MATERIALS**

6. No copies of Litigation Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be made except to the extent necessary for the preparation and conduct of this Litigation (including appeals). Any person responsible for making such copies must ensure that the copies adequately reflect any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" stamp or legend thereon.

7. Litigation Materials designated "CONFIDENTIAL," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, shall be used only in connection with this Litigation and not for any other purpose and shall not be disclosed to any person, except as follows:

(a) any officer or director of a Party to whom disclosure is necessary for this action;

(b) the Court and its staff in connection with the Litigation;

(c) any court reporter who records any testimony in the Litigation;

(d) any outside counsel (i.e., an attorney who is not an employee of a Party) acting on behalf of a Party in the Litigation;

(e) any actual or prospective expert or consultant (not an employee of any Party) identified and/or retained by any Party to assist it in the Litigation, who first agree to be bound by the terms of this Protective Order;

(f) any paralegal, clerical employee and/or law clerk retained or employed and supervised by outside counsel who is working on the prosecution or defense of the Litigation;

(g) any employee of a Party who has been specifically directed or designated to assist outside counsel's preparation with respect to the Litigation or testify on behalf of such Party; and

(h) persons designated as actual or prospective trial witnesses, solely to the extent necessary to prepare for and give testimony.

8. Documents or information designated "HIGHLY CONFIDENTAIL – ATTORNEYS' EYES ONLY" may be disclosed by the recipient thereof, on a need-to-know basis, only to those categories of individuals listed in Paragraphs 7(b)-(e) above.

9. Each person to whom information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" is revealed, disclosed or made available for inspection (except the persons identified in Paragraphs 7 (b)-(d) above) shall, prior to having access to such information, sign the Agreement in the form annexed hereto as Appendix A.

10. All persons authorized by this Order to receive copies of Litigation Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

EYES ONLY" and/or information derived therefrom, shall maintain such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Protective Order and shall use such information solely for the purpose of preparing for and conducting the Litigation.

11. All persons authorized to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information under this Order to whom any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials are furnished, shown or disclosed, shall be given a copy of this Protective Order and shall be bound by its terms.

### IV. INADVERTENT DISCLOSURE

12. In the event that information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" is disclosed to someone not authorized to receive such information under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, counsel who learns of such unauthorized disclosure or breach shall (to the extent consistent with applicable ethical canons and/or rules) immediately give notice of such unauthorized disclosure or breach to the other counsel of record, disclose the circumstances of the unauthorized disclosure or breach and take all actions reasonably necessary to mitigate the harm caused by such unauthorized disclosure or breach.

### V. FILING OF "CONFIDENTIAL" DOCUMENTS

13. Litigation Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or quotes from or references to such materials, shall not be included in papers or motions filed with or otherwise disclosed to

the Court, except under seal. Pursuant to Western District of North Carolina Local Civil Rule 6.1, any Party wishing to make such a filing must first present a motion regarding the specific documents sought to be filed under seal. The motion shall set forth: (a) a non-confidential description of the material sought to be sealed; (b) a statement as to why sealing is necessary and why there are no alternatives to filing under seal; (c) unless permanent sealing is sought, a statement as to the period of time the Party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; (d) supporting statutes, case law or other authority; and (e) a statement as to whether the other Parties in this action consent to the motion.

Upon approval by the Court, the protected materials shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the caption of this lawsuit, the title of the court paper or a brief description of the enclosed materials, the legend "CONFIDENTIAL - SUBJECT TO COURT ORDER," and a statement to the following effect:

> **This envelope [or other container] contains documents filed in this case by [name of party]; it is not to be opened by, nor are the contents to be displayed or revealed to, anyone other than authorized Court personnel, except upon order of the Court.**

14. Nothing contained herein shall prevent any of the Parties from using "Confidential" information in connection with any motion filed with the Court (as long as motions that contain or refer to "Confidential" Litigation Materials are filed in accordance with ¶ 13 above), or in any trial, hearing or other proceeding in this action.

## VI. OBJECTIONS TO "CONFIDENTIAL" DESIGNATIONS

15. If any Party (i) objects to the designation of any Litigation Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or (ii) objects to any other Party's use of this Protective Order, the objecting Party shall state the objection by letter to such other Party's counsel. If the Parties are then unable to resolve any such objection, any Party may move the Court to do so. Until the Court rules on any such motion, the Litigation Materials shall continue to be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as designated under the terms of this Protective Order, and all other terms and conditions of this Protective Order shall remain in full force and effect.

## VII. SUBPOENA BY THIRD PARTY

16. If any Party receives a subpoena or document request from a Non-Party to this Protective Order seeking production or other disclosure of another Party's "Confidential" information, the Party upon whom discovery is served shall give written notice to counsel for the Party whose material is sought within five (5) business days, identifying the "Confidential" material sought and enclosing a copy of the subpoena or document request. Subject to the duty to comply with such subpoena or document request, no production or disclosure of "Confidential" Litigation Materials shall be made until the designating Party has received a reasonable opportunity to consider or respond to the subpoena or document request.

## VIII. AMENDMENT TO THIS ORDER

17. The provisions of this Order may be modified only by further order of this Court.

## IX. RESERVATION OF RIGHTS

18. Nothing contained in this Protective Order shall prevent any Party from disclosing its own "Confidential" information to any person.

19. Nothing contained in this Protective Order shall constitute: (a) an admission that any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" is, in fact, confidential, even if a Party has not objected to this designation; (b) an agreement by the Parties to produce any documents or supply any information or testimony not otherwise agreed upon or required by rules of Court or by Court Order; (c) a waiver by any person or Party of any right to seek any other protective order in this or in any other action; (d) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information; or (e) a waiver by any Party of its right to apply to the Court for an order designed to preserve the confidentiality of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information at trial.

## X. CONCLUSION OF THE LITIGATION

20. Within sixty (60) days of the conclusion of this action, including any post-trial motions or appellate proceedings, counsel of record for the Parties shall secure the return of all Litigation Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed under the terms of this Protective Order, and shall either destroy all such materials or return them to counsel for the Party who produced such materials. In the event any such person elects to destroy the materials, he or she shall certify the destruction in writing to counsel for the Parties. Counsel may retain their work product, court filings and official transcripts and exhibits, provided that the Party that retains the Litigation Materials designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" continues to treat them in the manner provided herein.

### XI. CONTINUING EFFECT

21. Insofar as the provisions of this Protective Order restrict the use or communication of any document or information produced hereunder, it shall continue to be binding after the conclusion of this Litigation, except that a Party may seek the written permission of the Producing Party or order of the Court with respect to dissolution or modification of this Protective Order, and the Court shall retain jurisdiction over all Parties bound hereby for the purposes of enforcement, interpretation and modification of this Protective Order.

**IT IS SO ORDERED**.

Signed: February 5, 2014

David C. Keesler
United States Magistrate Judge

# APPENDIX A:

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, understand that information and documents which are to be disclosed to me by counsel of record for _____ are to be used by me solely to assist such counsel in the prosecution or defense of the claims involved or relating to the action captioned <u>Marx Industries, Inc. v. Chestnut Ridge Foam, Inc. v. MTJ American, LLC</u>, pending in the United States District Court for the Western District of North Carolina, Statesville Division, Civil Action No. 5:11-cv-139-RLV-DCK. I further understand that a Protective Order, a copy of which has been provided to me, prohibits me from using such information and documents for any other purpose and from disclosing such information and documents to any person, other than outside counsel of record for _____ or persons identified in ¶¶ 7-8, if such information and documents are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

In accepting the information and documents disclosed to me, I agree to be bound by the Protective Order and submit to the jurisdiction of the Court for the purposes of its enforcement.

EXECUTED this _____ day of _____, _____.

Name _____

Signature _____

Present Employer or
Other Business Affiliation _____

Business Address _____
_____